UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS ENRIQUE ALONSO NORAT,

      Petitioner,

    v.

DAVID HARDIN *et al.*,

      Respondents,

Case No.:  2:26-cv-02069-SPC-KRH

_____/

## **OPINION AND ORDER**

Before the Court is Luis Enrique Alonso Norat's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).

Alonso Norat is a native and citizen of Cuba who entered the United States to seek asylum on October 6, 2022, and turned himself over to the Department of Homeland Security ("DHS").  Two days later, DHS issued a notice to appear and released Alonso Norat on his own recognizance under 8 U.S.C. § 1226.  Alonso Norat has complied with all immigration requirements and applied for asylum, and he has a social security number, work authorization and steady employment, a Florida driver's license, and no criminal record.

On October 25, 2025, Alonso Norat reported to Immigration and Customs Enforcement ("ICE") for a check-in appointment.  ICE arrested him without notice, explanation, or procedural safeguards.  He has been detained

at Glades County Detention Center for about eight months.  On May 4, 2026, an immigration judge ordered Alonso Norat removed from the United States. Alonso Norat timely appealed, so the removal order is not administratively final, and his detention is still governed by § 1226(a).  Alonso Norat claims his detention violates the Fifth Amendment and the Immigration and Nationality Act.

As the government acknowledges, noncitizens detained under § 1226(a) have a right to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).  The Court would normally order the respondents to bring Alonso Norat before an immigration judge for a bond hearing, but that is not necessary here.  DHS already made a custody determination—it found Alonso Norat would be released on his own recognizance, subject to certain conditions.  The respondents do not claim he violated any of the conditions or otherwise argue why a bond hearing would be appropriate after DHS determined Alonso Norat should be released pending a final decision in his removal case.

Accordingly, it is hereby

**ORDERED**:

2

Luis Enrique Alonso Norat's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1)     The respondents shall release Alonso Norat within 24 hours of this Order give him telephone access so he can arrange transportation from the facility.

(2)     Within 48 hours of this Order, the respondents shall certify that Alonso Norat was released from custody.

(3)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 1, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

3